1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
OF WASHINGTON, TACOMA**

DARBY KAIKKONEN,

                          Plaintiff,

v.

STATE OF WASHINGTON; OFFICE OF
SUPERINTENDENT OF PUBLIC
INSTRUCTION; and CHRIS REYKDAL, in his
official capacity,

                          Defendants.

Civil Action No.

COMPLAINT FOR DAMAGES AND
JURY DEMAND

16
17
18
19

Comes now the Plaintiff, Darby Kaikkonen, and, for causes of action against the Defendants,

brought under 42 U.S.C. § 1983 to redress violations of Plaintiff's constitutional rights under the First

and Fourteenth Amendments to the United States Constitution, as well as state law claims arising

under Washington law, complains and alleges as follows:

20

## I.      PARTIES

21
22

      1.1    Plaintiff Darby Kaikkonen is a resident of Thurston County, Washington, and was

employed by the Washington State Office of Superintendent of Public Instruction ("OSPI") as a

YOUNGLOVE COKER & RHODES P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

1  Director of Student Information from December 1, 2021, until her termination on March 19, 2025.

2  She also serves as an elected member of the Tumwater School Board.

3      1.2    Defendant State of Washington, through its agency OSPI, is responsible for overseeing

4  K-12 public education in Washington State.

5      1.3    Defendant Chris Reykdal is the elected Superintendent of Public Instruction. He is sued

6  in his official capacity.

7                        **II.  JURISDICTION AND VENUE**

8      2.1    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff

9  brings claims arising under the Constitution and laws of the United States.

10     2.2    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to

11  28 U.S.C. § 1367.

12     2.3    Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise

13  to these claims occurred in this district and Defendants are the State of Washington and its agency

14  whose principal offices are located in this district.

15                            **III.  FACTS**

16     3.1    Plaintiff was employed by OSPI beginning December 1, 2021, and served as Director

17  of Student Information until March 19, 2025.

18     3.2    During her employment, Plaintiff received positive feedback on her work performance

19  from employees and supervisors alike. She was never counseled for any performance issue or violation

20  of policy, and no negative performance reviews or disciplinary actions were ever issued concerning

21  the Plaintiff.

22

COMPLAINT FOR DAMAGES &
JURY DEMAND – Page 2
21393-001

YOUNGLOVE COKER & RHODES P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

3.3     Concurrent with her OSPI employment, since December 2019 Plaintiff has served as an elected member of the Tumwater School Board. OSPI was aware of and consented to this "outside employment."

3.4     On February 27, 2025, in her capacity as a school board member, Plaintiff voted in favor of a non-binding resolution (Resolution No. 09-24-25) providing guidance to district staff on amendments to be considered at the Washington Interscholastic Activities Association ("WIAA") rules assembly. The resolution supported fair athletic opportunities for all students, and her vote was based on concerns regarding equity and safety for female athletes. A true and accurate copy of Resolution No. 09-24-25 is attached and incorporated as **Exhibit A**.

3.5     Plaintiff's vote was taken during a duly noticed public meeting and was an expression of her personal views and in representation of her constituents on a matter of public concern. The vote received media attention and generated public controversy. OSPI Superintendent Chris Reykdal issued public statements that were highly critical of the point of view reflective of Plaintiff's vote and aligned differently on this issue of great public interest and concern regarding school sports programs.

3.6     On March 6, 2025, less than ten days after the vote, Plaintiff was placed on administrative leave by OSPI. No specific reason, policy, conduct, or performance issue was identified as a basis for this action. Substantial restrictions were placed on her activities, including removing her work equipment and network access, prohibiting her from coming onto OSPI's Old Capital Building grounds, or contacting any OSPI employee during normal work hours.

3.7     Plaintiff received no contact from OSPI regarding the administrative leave until March 19, 2025, when she was informed in a phone call with the Human Resources Department and the OSPI

YOUNGLOVE COKER & RHODES P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

Chief of Staff that her employment was ending, effective immediately. Once again, no reason was provided regarding the termination of her employment during the call or in her termination letter.

3.8     Plaintiff believes and alleges that the decision to place her on leave and subsequently terminate her was motivated by her exercise of First Amendment rights during the public-school board meeting.

3.9     OSPI leadership, including Defendant Reykdal, had made public their opposing position regarding the WIAA rule change and transgender athlete participation. That and the temporal proximity between Plaintiff's vote and her termination, coupled with the absence of any disciplinary history, together with other evidence Plaintiff may produce at trial, evidence unlawful retaliation for the Plaintiff having exercised her First Amendment rights.

3.10    OSPI was aware that Plaintiff's spouse is an Army reservist with an upcoming deployment to the Middle East and that Plaintiff had given notice for military spousal leave. The termination came at a time when OSPI knew the financial and emotional hardship this punitive action would cause.

3.11    As a result of her termination, Plaintiff has lost an annual salary of approximately $137,000, including valuable health and retirement benefits. She has experienced reputational damage, anxiety, humiliation, and disruption to her family life.

3.12    Plaintiff's professional responsibilities at OSPI included managing and reporting data for compliance with federal education policy, including work with the U.S. Department of Education and NCES. Her termination has impaired her ability to find comparable work in her specialized field.

YOUNGLOVE COKER & RHODES P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

## IV.  FIRST CAUSE OF ACTION: FIRST AMENDMENT
### RETALIATION (42 U.S.C. § 1983)

4.1     Plaintiff realleges and incorporates by reference all preceding paragraphs.

4.2     Defendants, acting under color of state law, retaliated against Plaintiff for engaging in protected speech on a matter of public concern, in violation of the First and Fourteenth Amendments.

4.3     Plaintiff's speech was a motivating factor in the decision to place her on leave and terminate her.

4.4     Plaintiff suffered damages as a result of this unconstitutional conduct.

## V.  SECOND CAUSE OF ACTION: WRONGFUL TERMINATION
### IN VIOLATION OF PUBLIC POLICY

5.1     Plaintiff realleges and incorporates by reference all preceding paragraphs.

5.2     Plaintiff was terminated in retaliation for engaging in protected expression and civic duty as a school board member.

5.3     Such termination violates the public policy of the State of Washington.

5.4     As a result, Plaintiff has suffered damages including lost wages, benefits, and emotional distress.

## VI.  THIRD CAUSE OF ACTION:  INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS

6.1     Plaintiff realleges and incorporates by reference all preceding paragraphs.

6.2     Defendants' actions constituted extreme and outrageous conduct that was intentionally or recklessly intended to cause Plaintiff emotional distress, and which actually resulted in severe emotional distress to the Plaintiff.

COMPLAINT FOR DAMAGES &
JURY DEMAND – Page 5
21393-001

YOUNGLOVE COKER & RHODES P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

6.3     As a result of Defendants' actions as stated herein, Plaintiff has suffered severe emotional anguish, distress, anxiety, and mental suffering.

## VII.  FOURTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

7.1     Plaintiff realleges and incorporates by reference all preceding paragraphs.

7.2     Defendants' actions were negligent and foreseeably caused Plaintiff severe emotional distress.

7.3     Plaintiff has suffered emotional anguish, distress, anxiety, and mental suffering as a direct result of Defendants' conduct.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a trial by jury and prays for judgment against Defendants, and each of them, as follows:

8.1     For such damages as shall be established at time of trial in the form of back pay, front pay, lost benefits, and medical expenses;

8.2     For such damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation as established at time of trial;

8.3     For punitive damages as allowed by federal law;

8.4     For prejudgment interest in an amount established at trial;

8.5     For reasonable attorney's fees and costs, including expert witness fees; and

/ / /

/ / /

/ / /

YOUNGLOVE COKER & RHODES P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

8.6     Such further and additional relief as this Court deems just and equitable.

DATED this 3rd day of June, 2025.

YOUNGLOVE COKER & RHODES P.L.L.C.

Edward Earl Younglove, WSBA #5873
Lisa M. Wood, WSBA #58516
Attorneys for Plaintiff

YOUNGLOVE COKER & RHODES P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

STATE OF WASHINGTON          )
                             ) ss.
COUNTY OF THURSTON           )

Darby Kaikkonen, being first duly sworn upon oath, deposes and says as follows:  That I am the Plaintiff in the above-entitled matter; that I have read the above and foregoing Complaint, know the contents thereof, and believe the same to be true.

_____
Darby Kaikkonen, Plaintiff

SUBSCRIBED AND SWORN to before me this 3rd day of June, 2025.

_____
(Print Name) _Angelique H. Dowell_
NOTARY PUBLIC in and for the State
of Washington, residing at _Olympia, WA_
Commission expires: _02/16/2028_

YOUNGLOVE COKER & RHODES P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

EXHIBIT A

### RESOLUTION NO. 09-24-25
### WASHINGTON INTERSCHOLASTIC ACTIVITIES ASSOCIATION POLICY AMENDMENTS

**WHEREAS** RCW 28A.600.200 grants each school district board of directors "the authority to control, supervise, and regulate the conduct of interschool athletic activities and other inter school extracurricular activities as part of an athletic cultural social or recreational nature for students of the district" as part of the educational program;

**WHEREAS** a board of directors may delegate control supervision and regulation of any such activity to the Washington Interscholastic Activities Association (WIAA); and

**WHEREAS** WIAA's current 2024-25 handbook states: PHILOSOPHY OF GENDER IDENTITY PARTICIPATION: The WIAA encourages participation for all students regardless of, their gender identity or expression. Further, most local, state and federal rules and regulations require schools to provide transgender and other gender-diverse student-athletes with equal opportunities to participate in athletics. The purpose of this policy is to offer clarity with respect to the participation of trans and gender-diverse student-athletes. Additionally, this policy encourages a culture in which student-athletes can compete in a safe and supportive environment, free of discrimination;

**WHEREAS** the Tumwater School District supports equal and fair athletic opportunities for every student and is committed to providing an inclusive, equitable, and safe environment for every student participating in athletics; and

**WHEREAS** the WIAA policy as it currently stands does not ensure a safe environment nor does it provide fair opportunities for female athletes in athletic competition;

**THEREFORE, BE IT RESOLVED** that the board directs the Tumwater School District administration and athletic directors to support and approve WIAA policy through Amendments 7 and 8, ensuring that all student-athletes regardless of sex, gender identity, or gender expression who meet eligibility criteria are allowed to participate in the 'Boys/Open Category', and to maintain fair and equitable competition, participation in the 'Girls Category' is limited to students whose biological sex is female.

ADOPTED this 27th day of February 2025.


BOARD OF DIRECTORS
TUMWATER SCHOOL DISTRICT NO. 33                    ATTEST:


_____        _____

Board President                                 Board Secretary/Superintendent


_____

Board Member


_____

Board Member


_____

Board Member


_____

Board Member